UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 28 2006
BY_____ J.T. NOBLIN, CLERK
                    _____DEPUTY

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, U. S. Department of Labor, | ) ) ) ) FILE NO. ) 5:06-CV-63-DCB-JCS |
| Plaintiff | ) ) |
| v. | ) ) |
| GLENN D. CUNNINGHAM, PALM SPRINGS ORTHOPAEDICS MEDICAL CLINIC, INC., and PALM SPRINGS ORTHOPAEDICS MEDICAL CLINIC, INC. PROFIT SHARING PLAN, | ) ) ) ) ) ) ) ) |
| Defendants | ) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Glenn D. Cunningham and Palm Springs Orthopaedics Medical Clinic, Inc. Defendants Glenn D. Cunningham and Palm Springs Orthopaedics Medical Clinic, Inc. and the Secretary have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

1. The Secretary's Complaint alleges that Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham breached their fiduciary duties with respect to the Palm Springs Orthopaedics Medical Clinic, Inc. Profit Sharing Plan (the "Plan") by failing to discharge their duties under the Plan and by violating ERISA Sections 403(a) and (c)(1), 404(a)(1)(A), 404(a)(1)(B), 404(a)(1)(D), 406(a)(1)(B), 406(a)(1)(D), 406(b)(1) and (2), 29 U.S.C. §§ 1103(a) and (c)(1), 1104(a)(1)(A), 1104(a)(1)(B), 1106(a)(1)(D), and 1106(b)(1) and (2).

2. Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham further admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order. Defendants, by their signatures below, acknowledge receipt of a copy of the complaint filed herein, and waive service of said complaint.

3. Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham admit each and every allegation in the Complaint.

2

4.   Defendant Glenn D. Cunningham admits that he is, or was at all times relevant to this action, acting as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4).

5.   Defendant Glenn D. Cunningham admits that his conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

6.   Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

7.   This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants, with the exception of any potential civil money penalties that may assessed under Section 502(l) of ERISA, 29 U.S.C. § 1132(l). This Order is not binding upon any government agency other than the U. S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham.

8.   The Secretary and Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham

expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants, Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham, their agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham be and they hereby are permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of their fiduciary breaches, Defendants Palm Springs Orthopaedics Medical Clinic, Inc. and Glenn D. Cunningham have caused the Plan losses of $32,093.97, for which they are jointly and severally liable.

5(a).   Defendant Glenn D. Cunningham shall make restitution to the Plan the sum of $33,597.04, which includes five percent interest per annum.

5(b).   To comply with this provision of the Judgment, Defendant Glenn D. Cunningham shall deliver payment to the two participants in the Plan (Stephanie Diaz and Theresa Lasley) of the allocated amounts set forth in Exhibit A, attached hereto, in 16 installments as follows:

| **AMOUNT** | **ON OR BEFORE** |
|---|---|
| $1,000 | April 15, 2006 |
| $1,000 | May 15, 2006 |
| $1,000 | June 15, 2006 |
| $1,000 | July 15, 2006 |
| $1,000 | August 15, 2006 |
| $1,000 | September 15, 2006 |
| $1,000 | October 15, 2006 |
| $1,000 | November 15, 2006 |
| $1,000 | December 15, 2006 |
| $1,000 | January 15, 2007 |
| $1,000 | February 15, 2007 |
| $1,000 | March 15, 2007 |
| $1,000 | April 15, 2007 |
| $1,000 | May 15, 2007 |
| $1,000 | June 15, 2007 |
| $18,597.04 | July 15, 2007 |

5(c).   Copies of proof of these payments are to be sent to:  EBSA Regional Director, 1055 East Colorado Road, Pasadena, CA 91106-2357.

5(d).   Defendant Glenn Cunningham agrees to be enjoined for the duration of the repayment period and until the judgment and all applicable interest is paid, from taking, causing or allowing any action to encumber the property located at 600 South Union, Natchez, MS 39120, unless it is to use the property as security for a loan to repay in full the amount he owes to the participants.

5(e).   Should Defendant Glenn D. Cunningham default on any of the above payments, the Secretary will give him and his attorney 15 days notice to cure the default.  If the default is not cured within 15 days of such notice, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.  Defendant Glenn D. Cunningham further agrees that, in the event of such default and failure to cure within 15 days, this Consent Judgment and Order shall be filed as a lien in the land records against the property located at 600 South Union, Natchez, Mississippi.

6.   Defendant Glenn D. Cunningham agrees to allow any participant interest he may have in any existing or future assets

of the Plan, if any, to be applied as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by ERISA Section 206(d)(4). By her signature below, Sharon M. Cunningham, spouse of Defendant Glenn D. Cunningham, waives any claims that she may have to her husband's interest in the Plan that may be offset to restore losses to Plan participants, and acknowledges that she understands: (a) the effect of such consent may be to forfeit benefits she would be entitled to receive upon her husband's death; (b) that her husband's waiver is not valid without her consent; and (c) that her consent is irrevocable upon the entry of this Order.

7. This Consent Judgement resolves all claims of Plaintiff's Complaint with the following exceptions:

(a) This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 (l) of the Act.

(b) This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

(c) This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgement.

8. Each party shall bear its own costs and expenses, including attorneys fees, arising in connection with any stage of the above-referenced proceeding including but not limited to,

attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 26TH day of April, 2006.

*D. Bramlette*
UNITED STATES DISTRICT JUDGE

Defendants consent to entry
of the foregoing Judgment:

PALM SPRINGS ORTHOPAEDICS
MEDICAL CLINIC, INC.

By: *See Attached*
GLENN D. CUNNINGHAM

GLENN D. CUNNINGHAM

By: *see attached*
GLENN D. CUNNINGHAM

By: *[signature]*
EILEEN N. SHAFFER
Post Office Box 1177
Jackson, MS 39215-1177

DUNN O. LAMPTON
United States Attorney

By: *[signature]*
DAVID NEAL USRY
Assistant U. S. Attorney
188 E. Capitol Street
Suite 500
Jackson, MS 39201
Telephone: 601/973-2836
Facsimile: 601/965-4409

Plaintiff moves entry of
the foregoing Judgment:

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

By: *Donna E. Sonner*
DONNA E. SONNER
Attorney

Office of the Solicitor
U. S. Department of Labor
618 Church Street
Suite 230
Nashville, TN 37219
(615) 781-5330 Ext. 235
(615) 781-5321 (FAX)
Attorneys for Plaintiff

attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This __26th__ day of __april__, 2006.

_____
UNITED STATES DISTRICT JUDGE

Defendants consent to entry of the foregoing Judgment:

PALM SPRINGS ORTHOPAEDICS MEDICAL CLINIC, INC.

By: _____
GLENN D. CUNNINGHAM

GLENN D. CUNNINGHAM

By: _____
GLENN D. CUNNINGHAM

By: _____
EILEEN N. SHAFFER
Post Office Box 1177
Jackson, MS 39215-1177

DUNN O. LAMPTON
United States Attorney

By: _____
DAVID NEAL USRY
Assistant U. S. Attorney
188 E. Capitol Street
Suite 500
Jackson, MS 39201
Telephone: 601/973-2836
Facsimile: 601/965-4409

Plaintiff moves entry of the foregoing Judgment:

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

By: _____
DONNA E. SONNER
Attorney

Office of the Solicitor
U. S. Department of Labor
618 Church Street
Suite 230
Nashville, TN 37219
(615) 781-5330 Ext. 235
(615) 781-5321 (FAX)
Attorneys for Plaintiff

8

Sharon M. Cunningham, spouse of Glenn D. Cunningham, hereby consents to entry of this Order, and specifically consents to the terms set forth in paragraph 6 of the Order.

_____		Date: __4/17/06__
SHARON M. CUNNINGHAM

Subscribed and Sworn To
before me this 17th day
of April, 2006.

_____
NOTARY PUBLIC

My Commission Expires __MY COMMISSION EXPIRES APRIL 22, 2008__

(Notary seal: DOLLY HARGRAVE, NOTARY PUBLIC, ADAMS CO. MISSISSIPPI)

9

PALM SPRINGS ORTHOPAEDICS MED CLINIC, INC. PSP
SETTLEMENT PAYMENTS TO STEPHANIE DIAZ & THERESA LASLEY
PREPARED BY: KEVIN BURT ON MARCH 21, 2006

| PAYMENT SCHEDULE | PAYMENT TO PARTICIPANT | | TOTAL PAYMENT |
|---|---|---|---|
| | THERESA LASLEY | STEPHANIE DIAZ | |
| April 15, 2006 | $130.90 | $869.10 | $1,000.00 |
| May 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| June 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| July 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| August 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| September 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| October 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| November 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| December 15, 2006 | 130.90 | 869.10 | 1,000.00 |
| January 15, 2007 | 130.90 | 869.10 | 1,000.00 |
| February 15, 2007 | 130.90 | 869.10 | 1,000.00 |
| March 15, 2007 | 130.90 | 869.10 | 1,000.00 |
| April 15, 2007 | 130.90 | 869.10 | 1,000.00 |
| May 15, 2007 | 130.90 | 869.10 | 1,000.00 |
| June 15, 2007 | 130.90 | 869.10 | 1,000.00 |
| SUBTOTAL | $1,963.50 | $13,036.50 | $15,000.00 |
| BALLOON PAYMENT DUE ON JULY 15, 2007 | 2,434.35 | 16,162.69 | 18,597.04 |
| TOTAL | $4,397.85 | $29,199.19 | $33,597.04 |

Exhibit "A"